UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS A. NUNEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>KAYLEEN POWELL, et al.,<br><br>        Defendants. | 1:18-cv-00213-GSA-PC<br><br><u>FIRST SCREENING ORDER</u><br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(ECF No. 8.)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A FORM COMPLAINT |

**I.    BACKGROUND**

       Jesus A. Nunez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2018, the court for the Central District of California opened this case with a letter by Melissa Nunez (Plaintiff's daughter) and an attached declaration by Plaintiff. (ECF No. 2.) On January 29, 2018, Plaintiff filed an original Complaint. (ECF No. 8.) On February 8, 2018, the case was transferred to this court. (ECF No. 11.)

       The Complaint is now before the court for screening. 28 U.S.C. § 1915A.

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, where the events at issue allegedly occurred. Plaintiff names as defendants Kayleen Powell (R.N.), Winfred Koker (Dr.), James Smith (inmate), and Kevin Spears (inmate) (collectively, "Defendants").

Plaintiff's Complaint consists of a copy of his form 602 inmate grievance inserted into the middle of a form complaint. Plaintiff has not completed the portion of the form complaint

for his Statement of Claim, except for a typed notation "Complaint Enclosed from Grevence Proceedure (sic)." (ECF No. 8 at 5 ¶III.) It is not sufficient for Plaintiff to insert his inmate appeal into the Complaint in place of a Statement of Claim. The court requires Plaintiff to state his allegations and claims in the Complaint. If Plaintiff wishes to send a copy of his grievance with the Complaint, he should attach it as an exhibit. However, Plaintiff is advised that it is not the duty of the court to look through his exhibits to determine whether or not he states a claim. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Plaintiff shall be granted leave to file an amended complaint pursuant to this order. The Clerk shall send Plaintiff a complaint form to complete and return to the court within thirty days.

## IV. CONCLUSION AND ORDER

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the amended complaint within thirty days.

The amended complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Iqbal 556 U.S. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, January 29, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or

3

superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00213-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, the court shall recommend that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**March 23, 2018**__  　　　　　__/s/ Gary S. Austin__
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE