| | |
|---|---|
| JESUS A. NUNEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>KAYLEEN POWELL, et al.,<br><br>        Defendants. | 1:18-cv-00213-GSA-PC<br><br>**ORDER FINDING COGNIZABLE CLAIM**<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>    **(1) FILE SECOND AMENDED COMPLAINT, OR**<br><br>    **(2) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY WITH THE MEDICAL CLAIM AGAINST DEFENDANT KOKOR**<br><br>**THIRTY-DAY DEADLINE**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A FORM COMPLAINT** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**I.    BACKGROUND**

Jesus A. Nunez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2018, the court for the Central District of California opened this case with a letter by Melissa Nunez (Plaintiff's daughter) and an attached declaration by Plaintiff. (ECF No. 2.) On January 29, 2018, Plaintiff filed the original Complaint for this action. (ECF No. 8.) On February 8, 2018, the case was transferred to this court. (ECF No. 11.)

On March 26, 2018, the court screened the Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 16.) On April 26, 2018, Plaintiff filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 18.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, where the events in the First Amended Complaint allegedly

occurred. Plaintiff names as defendants Kayleen Powell (R.N.) and Winfred Koker (Dr.) (collectively, "Defendants").

A summary of Plaintiff's allegations follows.

Plaintiff suffers severe pain in his neck, back, shoulder, and leg, from multiple chronic medical conditions such as nerve damage. Defendant Dr. Koker is Plaintiff's physician at SATF and is aware that Plaintiff has multiple chronic medical conditions such as nerve damage. During appointments and chronic care visits during the last sixteen months Plaintiff informed Dr. Kokor of the severe pain in his neck, back, shoulder and leg. Dr. Kokor also accessed Plaintiff's computer medical file to determine his chief complaint, illness, and medications. The pain affected Plaintiff's daily activities. Dr. Kokor discontinued Plaintiff's pain medication, and as of the date of the complaint has not provided him with any pain medication. As a result of Dr. Kokor's actions Plaintiff experienced excruciating pain and weak muscles. Plaintiff is unable to move around without being in pain.

Defendant Nurse Kayleen Powell is Plaintiff's assigned registered nurse. Nurse Powell accessed Plaintiff's computer medical file to determine his chief complaint, illness, and medications. Nurse Powell knew that Plaintiff suffers from pain in his neck, back, shoulder, and leg. Nurse Powell ignored Plaintiff's medical condition and pushed him forcefully in the back of his neck and shoulder area, causing his back to pop and causing him excruciating pain.

Plaintiff requests monetary damages, a declaratory judgment, attorney's fees, and costs of suit.

## IV. PLAINTIFF'S CLAIMS

### A. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to

the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

The court finds that Plaintiff states a cognizable medical claim against defendant Dr. Kokor under the Eighth Amendment for discontinuing Plaintiff's pain medication and not providing any other pain medication.

**B.     Excessive Force Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff fails to state a claim for excessive force against defendant Powell. To state a claim for excessive force under the Eighth Amendment, Plaintiff must allege facts showing that

the force used against him was wanton and unnecessary, malicious and sadistic. Plaintiff shall be granted leave to amend the complaint to cure the deficiencies in this claim identified by the court. In amending this claim, Plaintiff must explain what happened that led up to defendant Powell using force against him. Without more facts, the court cannot find that Plaintiff states a cognizable claim for excessive force.

### C. Relief Requested

Besides monetary damages, Plaintiff has requested a declaratory judgment, attorney's fees, and costs of suit.

Plaintiff's contention that he can recover attorney's fees in this action is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as state in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

Plaintiff is advised that his request for declaratory relief is subsumed by his damages claim. See Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

### V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint states a cognizable medical claim against defendant Dr. Kokor under the Eighth Amendment. However, Plaintiff fails to state any other claims upon which relief can be granted under § 1983 against any of the Defendants. Plaintiff shall be required to either file a Second Amended Complaint, or notify

the court of his willingness to proceed only on the medical claim against defendant Dr. Kokor. If Plaintiff chooses to proceed only on the medical claim, the court will begin the process to initiate service upon defendant Dr. Kokor by the United States Marshal.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

Should Plaintiff choose to amend the complaint, the Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the original Complaint, January 10, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

///

titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The court finds that Plaintiff states a cognizable medical claim in the First Amended Complaint against defendant Dr. Kokor, in violation of the Eighth Amendment, but no other claims;
2. Within thirty days of the date of service of this order, Plaintiff is required to either:
   (1) File a Second Amended Complaint curing the deficiencies identified in this order, or
   (2) Notify the court in writing that he does not wish to file a Second Amended Complaint and is instead willing to proceed only on the medical claim against defendant Dr. Kokor;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:18-cv-00213-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **November 6, 2018**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE