UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS A. NUNEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>KAYLEEN POWELL, et al.,<br><br>　　　　　Defendants. | 1:18-cv-00213-LJO-GSA-PC<br><br>**ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br>**(ECF No. 30.)** |

## I. BACKGROUND

Jesus A. Nunez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2018, the United States District Court for the Central District of California opened this case with a letter by Melissa Nunez (Plaintiff's daughter) and an attached declaration by Plaintiff. (ECF No. 2.) On January 29, 2018, Plaintiff filed the original Complaint in this action. (ECF No. 8.) On February 8, 2018, the case was transferred to this court. (ECF No. 11.)

This case now proceeds with the First Amended Complaint filed by Plaintiff on April 26, 2018, against defendant Dr. Kokor ("Defendant") on Plaintiff's medical claim under the Eighth Amendment. (ECF No. 18.)[1]

---

[1] All other claims and defendants were dismissed from this case on January 11, 2019. (ECF No. 23.)

1

On May 9, 2019, Plaintiff filed a motion to strike Defendant's affirmative defenses to the complaint. (ECF No. 30.)

**II.     MOTION TO STRIKE – RULE 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Grounds for a motion to strike must appear on the face of the pleading or from matters which the court may judicially notice. See Fantasy, Inc., 984 F.2d at 1528; Securities and Exch. Comm'n v. Sands, 902 F.Supp. 1149, 1165 (C.D.Cal.1995). When ruling on a motion to strike, the court must accept as true the pleader's factual allegations. See Vokal v. United States, 177 F.2d 619, 623-24 (9th Cir. 1949).

To prevail on a motion to strike an affirmative defense, the moving party must persuade the court that there are no disputed questions of fact or law and that the defense could not succeed under any set of circumstances. See Securities and Exch. Comm'n, 902 F.Supp. at 1165. "Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." Id. at 1166; see Vokal, 177 F.2d at 622-23, 625; United States v. Iron Mountain Mines, Inc., 812 F.Supp. 1528, 1535 (E.D. Cal. 1992). Motions to strike are generally regarded with disfavor because of the limited importance of pleadings in federal practice. See Securities and Exch. Comm'n, 902 F.Supp. at 1165-66; LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal.1992). The moving party may thus be required to show prejudice arising from the matter to be stricken. See Securities and Exch. Comm'n, 902 F.Supp. at 1166; LeDuc, 814 F.Supp. at 830.

**Discussion**

Plaintiff moves to strike Defendants' eleven affirmative defenses on the grounds that they are a boilerplate listing of affirmative defenses, irrelevant to the claim asserted. Plaintiff argues that Defendant has failed to allege sufficient facts to establish that the affirmative defenses are plausible. In addition, Plaintiff argues that Defendant has alleged only conclusory statements and failed to allege any identifiable facts supporting the affirmative defenses.

Plaintiff does not demonstrate any prejudice. After review of the affirmative defenses the court is not persuaded that Defendant cannot succeed on any of them under any set of circumstances, or that they are insufficient as a matter of law. Therefore, Plaintiff's motion to strike shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to strike, filed on May 9, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **May 10, 2019**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE